**P O R T E R | S C O T T**
A PROFESSIONAL CORPORATION
Nancy J. Sheehan, SBN 109419
James S. Yi, SBN 251007
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants SACRAMENTO AREA FLOOD CONTROL AGENCY, CITY OF
SACRAMENTO, STEIN BUER and JULIE LIENERT

**MURRAY & ASSOCIATES**
Lawrence J. Murray, SBN 77536
1781 Union Street
San Francisco, CA 94123
TEL: 415-673-0555
FAX: 415-928-4084

Attorney for Plaintiff MAGGIE FRANKLIN

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

MAGGIE FRANKLIN,

        Plaintiff,

v.

SACRAMENTO AREA FLOOD CONTROL
AGENCY, a public entity, CITY OF
SACRAMENTO, a public agency, STEIN
BUER and JULIE LIENERT,

        Defendants.

_____/

CASE NO.   2:07-CV-01263-WBS-GGH

**JOINT STIPULATION AND
[~~PROPOSED~~] ORDER FOR LEAVE
TO AMEND THE COMPLAINT AND
TO FURTHER MODIFY THE
SCHEDULING ORDER TO EXTEND
ALL DEADLINES**

Plaintiff MAGGIE FRANKLIN and Defendants SACRAMENTO AREA FLOOD

CONTROL AGENCY, CITY OF SACRAMENTO, STEIN BUER and JULIE LIENERT, by and

through their respective attorneys of record, hereby stipulate to an order granting Plaintiff leave to

amend the Complaint and add new claims for relief.  If the Court grants leave to amend, the parties

1

further agree and request the Court to further modify the Pre-Trial Scheduling Order, which was previously modified on March 20, 2008 and May 22, 2008, in order to allow the parties to have sufficient time to conduct discovery on Plaintiff's new claims for relief.

Plaintiff's claims good cause exists to allow her to amend the Complaint. She contends that during the course of discovery and after several depositions, Plaintiff learned information that supports her contention that Defendant SAFCA and the City of Sacramento violated federal wage and hour requirements under the Fair Labor Standards Act ("FLSA") and/or state wage and hour requirements under the California Labor Code. Defendants deny Plaintiff's claims, but agree that she may amend her Complaint if the Court allows her to do so. Through this stipulation, Plaintiff seeks to file a First Amended Complaint for Damages and Injunctive Relief with additional claims for relief for Defendants' alleged failure to abide by federal and state wage and hour requirements.

If leave is granted to add the above-described claims for relief, the parties request that the dates in the Pre-Trial Scheduling Order be extended approximately sixty (60) days to allow time to conduct discovery on the new claims. The parties respectfully request further modification of the Scheduling Order as follows:

| | |
|---|---|
| Expert Witness Disclosure | August 15, 2008 |
| Supplemental Rebuttal Disclosure of Experts | September 15, 2008 |
| Discovery Completion Deadline | October 29, 2008 |
| Last Day to Hear Discovery Motions | October 29, 2008 |
| Last Day to File Dispositive Motions | November 12, 2008 |
| Final Pre-trial Conference | **February 23, 2009 at 2:00 p.m.** |
| Jury Trial | **May 27, 2009 at 9:00 a.m.** |

In requesting to change to the existing trial date, the parties are cognizant of the fact that the Court may not have space on its April/May 2009 calendars. If that is the case, the parties ask that

the Court take the following into consideration:  Plaintiff's counsel has a trial in U.S.D.C. for the

Eastern District of California (Fresno) set for April 28, 2009 which is estimated to last one week.

Defendants' counsel has a pre-paid vacation set for June 19 – 25, 2009.

   Good cause exists for such a modification because Plaintiff's new claims for relief for wage

and hour violations require significant discovery.  Plaintiff's wage and hour claims may encompass

three years of her employment with Defendants.  This includes three years of timesheets and other

documentation regarding Plaintiff's work hours and wages.  Discovery may have to be conducted

regarding Plaintiff's job duties over these three years and Defendants calculation of her wages in

the same time period.  Several more depositions will have to occur and more written discovery will

have to be propounded.  Additional experts may have to be retained by the parties regarding the

applicable wage and hour requirements and exemptions to those requirements.  All parties have

agreed to complete the necessary discovery as soon as reasonably possible, however, in light of the

extensive discovery required by Plaintiff's new claims for relief, the parties request further extension

of the deadlines in the Pre-Trial Scheduling Order, as described above.

        PORTER SCOTT
        A PROFESSIONAL CORPORATION


June 10, 2008      By  /s/ Nancy J. Sheehan
         Nancy J. Sheehan
         James S. Yi
         Attorneys for Defendants


        MURRAY & ASSOCIATES


June 10, 2008      By /s/ Lawrence D. Murray (as authorized on 6/10/08)
         Lawrence D. Murray
         Attorney for Plaintiff

**IT IS SO ORDERED**.

Dated:  June 11, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE